UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-504-MOC

| WILLY GRANADOS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| LENDINGTREE, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Plaintiff's Objection, (Doc. No. 16), to the Magistrate Judge's Memorandum and Recommendation (Doc. No. 15), which recommends that this Court grant Defendant's Motion to Compel Arbitration and Stay Claims, (Doc. No. 9).[1]

## I. BACKGROUND

This is a class action lawsuit, in which Plaintiff brings various claims against Defendant LendingTree, LLC, based on purported harms stemming from a 2022 cyberattack perpetrated against LendingTree, during which third-party criminals gained "unauthorized access" and were able to "exfiltrate[e] . . . highly sensitive and personal information" of current, former, and prospective LendingTree consumers. (Compl. ¶¶ 1–2). In a motion to compel arbitration, Defendant contends that, as a LendingTree consumer, Plaintiff's claims are encompassed by a mandatory arbitration clause in LendingTree's Terms of Use Agreement, and Plaintiff is, therefore, required to arbitrate the claims brought here.

---

[1] Defendant, sought alternatively, for a dismissal of this action based on the first-filed rule.

1

On February 2, 2023, United States Magistrate Judge David S. Cayer entered a Memorandum and Recommendation, recommending that the Court grant Defendant's Motion to Compel Arbitration and Stay Claims. (Doc. No. 15). Plaintiff filed an Objection to the magistrate judge's decision on February 15, 2023. (Doc. No. 16). Defendant filed a response on March 1, 2023. (Doc. No. 18).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

For the reasons stated in Defendant's response brief, Plaintiff has failed to show that the magistrate judge's decision was clearly erroneous or contrary to law. As Judge Cayer noted in the Recommendation, the arbitration clause at issue is broad enough to encompass the claims brought by Plaintiff in this lawsuit. Furthermore, Judge Cayer rejected Plaintiff's arguments that he should not be bound by the clause because he was not put on constructive notice of the clause when he assented to Defendant's Terms of Use Agreement. Judge Cayer correctly applied the law in concluding that Plaintiff is bound by the arbitration clause at issue.

In sum, the Court has carefully reviewed the magistrate judge's order and the parties' respective briefs, and the Court finds that the magistrate judge's decision was neither erroneous nor contrary to law. Accordingly, this Court overrules Plaintiff's Objection, and the Court adopts the Memorandum and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection to the Magistrate Judge's Decision, (Doc. No. 16), is **OVERRULED** and the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 15), is **ADOPTED** and **AFFIRMED**. To this extent, Defendant's Motion to Compel Arbitration and Stay Claims, (Doc. No. 9), is **GRANTED**.

**IT IS SO ORDERED**.

Signed: March 28, 2023

Max O. Cogburn Jr
United States District Judge